IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARLITA BRANTLEY,                    :

       Plaintiff,              :    Case No. 3:07cv002

 vs.                                 :    JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,  :

       Defendant.              :

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #11); PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #12) SUSTAINED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, REVERSING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER FOR THE PAYMENT OF BENEFITS CONSISTENT WITH SOCIAL SECURITY ACT; TERMINATION ENTRY

---

     Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits.  On February 7, 2008, the United States Magistrate Judge filed a Report and Recommendations (Doc. #11), recommending that the Commissioner's finding of non-disability be vacated, that no finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security

Act, that the captioned cause be remanded to the Defendant Commissioner and the Administrative Law Judge, under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with the Report and Recommendations, and that the captioned cause be terminated upon the docket of this Court.  Based upon the reasoning and citations of authority set forth in the relevant portion of the Magistrate Judge's Report and Recommendations (Doc. #11 at 10-20) and in the Plaintiff's Objections to said judicial filing (Doc. #12), as well as upon a thorough <u>de novo</u> review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #5), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in part and rejects same in part and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was <u>not</u> supported by substantial evidence, thus reversing the decision of the Defendant Commission, and remanding the captioned cause to the Defendant Commissioner for the payment of benefits consistent with the Social Security Act.  The Plaintiff's Objections to said judicial filing (Doc. #12) are sustained.  Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, is reversed.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence."  42 U.S.C. § 405(g).  Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made.  This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence."  Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982).  This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision.  The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986).  Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984).  Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law)

against the Commissioner if this case were being tried to a jury.  Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939).  To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole.  Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).  However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility.  Garner, supra.  The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001).   If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a

different conclusion.  Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. This Court adopts that portion of the Magistrate Judge's Report and Recommendations (Doc. #11 at 10-20), in which she concludes that the Administrative Law Judge's decision at Step Three, that Plaintiff did not meet or equal the criteria for mental retardation set forth in Listing 12.05(C), is not supported by substantial evidence.  The Court accepts the Magistrate Judge's reasoning and citations to authority set forth in that portion of her Report and Recommendations.

2. However, regardless of whether Drummond v. Commissioner of Social Security, 126 F.3d 837 (6th Cir. 1997), applies (and, if it does, it is clear that the Defendant Commissioner has presented absolutely no evidence of changed circumstances by way of a demonstration of improvement in the Plaintiff's mental retardation), proof of Plaintiff's disability is overwhelming or, at the very least, proof of disability is strong and evidence to the contrary is lacking.  Accordingly, pursuant to Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994), a remand for the payment of benefits, rather than for further administrative proceedings, is warranted.  To that extent, this Court rejects that portion of the

Report and Recommendations of the United States Magistrate Judge (Doc. #11 at 20-22), within which she recommends a remand for further administrative proceedings, and sustains the Plaintiff's Objections (Doc. #12) thereto.

WHEREFORE, based upon the aforesaid, this Court adopts in part and rejects in part the Report and Recommendations of the United States Magistrate Judge (Doc. #11), having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence.  Plaintiff's Objections to said judicial filing (Doc. #12) are sustained.  Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, for the payment of benefits consistent with the Social Security Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

 February 29, 2008                            /s/ Walter Herbert Rice
                                       WALTER HERBERT RICE, JUDGE
                                       UNITED STATES DISTRICT COURT

Copies to:

Gary M. Blumenthal, Esq.
John J. Stark, Esq.
Kathryn A. Beverly, Esq.